The petitioner, John B. Dempsey, appeals from a judgment of a single justice of this court dismissing his petition pursuant to G. L. c. 211, § 3. We affirm.
In March, 2009, the petitioner filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) charging his employer with discriminating against him on the basis of a disability in violation of G. L. c. 151B, § 4(16), and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. (2006). In April, 2010, the MCAD issued a preliminary recommendation of a finding of a lack of probable cause and in August, 2010, after the petitioner appealed from the finding, a final determination of lack of probable cause. The petitioner thereafter filed his G. L. c. 211, § 3, petition in the county court seeking “enforcement” of G. L. c. 151B, § 4 (16). As best we can discern from the petitioner’s papers, which are difficult to understand, he appears to have been seeking review of the MCAD decision. The single justice dismissed the petition.
The petitioner has now filed a “petition memorandum in opposition to single justice.” It appears that the petitioner’s submission is intended to be a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), although he is not challenging any interlocutory ruling of the trial court. He is not, in fact, challenging a ruling of the trial court at all but rather a decision of the MCAD. General Laws c. 211, § 3, provides this court with “general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided.” The general superintendence statute does not give the court authority to review decisions of executive branch agencies such as the MCAD. If the petitioner was dissatisfied with the MCAD’s decision he could have pursued his claim by commencing an action in the Superior Court pursuant to G. L. c. 151B, § 9.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.